# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY DEAN DELL'ANTONIA,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. CV-F-00-6602 REC SMS P<br><br>ORDER GRANTING MOTION TO PROPOUND ADDITIONAL INTERROGATORIES, DENYING MOTION TO DEPOSE WITNESSES BY WRITTEN QUESTIONS, DENYING MOTION TO COMPEL, GRANTING MOTION FOR EXTENSION OF DEADLINES, DENYING MOTION FOR LEAVE TO SUPPLEMENT, AND DENYING MOTIONS IN LIMINE<br><br>(Docs. 122, 123, 125, 127, 128, 129, 130, and 131) |

I.   <u>Order Addressing Pending Motions</u>

Plaintiff Danny Dean Dell'Antonia ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed March 12, 2002, against defendant Edger for use of excessive force, and defendants Grayson and Snow for acting with deliberate indifference to plaintiff's serious medical needs.[1]  Pending before the court are plaintiff's motion for leave to propound interrogatories in excess of Rule 33 limitations, two motions for leave to supplement his complaint, motion to depose defendants and witnesses by written form, motion to compel, motion for an extension of deadlines, and two motions in limine.

///

---

[1] Defendant Grayson has not been served.

1

Case 1:00-cv-06602-LJO-SMS   Document 141   Filed 04/27/05   Page 2 of 7

Case 1:00-cv-06602-LJO-SMS   Document 141   Filed 04/27/05   Page 2 of 7

A. <u>Discovery Motions</u>

1. <u>Motion for Leave to Propound Additional Interrogatories</u>

On January 24, 2005, plaintiff filed a motion seeking leave of court to propound an additional fifteen interrogatories each on defendants Snow and Edger ("defendants"), in excess of the limit set in Federal Rule of Civil Procedure 33. (Doc. 122.) Defendants did not file a response.

The court has reviewed plaintiff's proposed interrogatories. Defendants did not object to plaintiff's request, and the interrogatories appear to be relevant and do not appear to be unduly burdensome. Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 33. Accordingly, plaintiff's motion shall be granted. Plaintiff is limited to propounding the interrogatories that were included with his motion and reviewed by the court.

2. <u>Motion to Depose Defendants and Witnesses in Written Form</u>

On January 31, 2005, plaintiff filed a motion seeking leave of court to depose defendants and nonparty witnesses by written questions. (Doc. 125.) Defendants did not file a response to the motion.

It is unnecessary for plaintiff to obtain leave of court to depose defendants and nonparty witnesses who are not incarcerated. Fed. R. Civ. P. 31(a). If plaintiff chooses to depose defendants and other unincarcerated witnesses by written questions, plaintiff is cautioned that he must comply with Rule 31. Depositions by written questions entail more than simply mailing questions to the deponents and awaiting their written responses. With respect to incarcerated witnesses, plaintiff has not identified these witnesses. Therefore, the court declines to grant plaintiff leave to depose unidentified incarcerated witnesses by written questions.

3. <u>Motion to Compel</u>

On March 2, 2005, plaintiff filed a motion to compel the California Department of Corrections (CDC) to release defendant Grayson's personnel file contents to the Marshal so that service may be effected. (Doc. 127.) Defendants filed an opposition on March 15, 2005, and plaintiff filed a reply on March 28, 2005. (Docs. 132, 135.)

CDC is not a party to this action and cannot be compelled to release the information sought by plaintiff in this manner at this time. The issuance of a subpoena pursuant to Federal Rule of Civil

2

Procedure 45 is plaintiff's only avenue of relief available in discovery. The court will, in a separate order issued concurrently with this order, again direct the Marshal to initiate service on defendant Grayson and seek the necessary assistance of the prison and CDC headquarters. The court and the Marshal have a statutory duty to service process on plaintiff's behalf, and the response given to the Marshal by CDC to date is insufficient to allow the court to discharge this duty on the ground that defendant Grayson cannot be located. 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2). In the event that the Marshal is unsuccessful, the court will consider a motion by plaintiff for the issuance of a subpoena pursuant to Rule 45, should plaintiff choose to make such a request.

For the foregoing reasons, plaintiff's motion to compel is denied, without prejudice.

B.   Extension of Deadlines

On March 2, 2005, plaintiff filed a motion seeking a ninety day extension of the deadlines set forth in the court's order of January 7, 2005. (Doc. 128.) Defendants filed an opposition on March 15, 2005, and plaintiff filed a reply on March 28, 2005. (Docs. 133, 137.)

The discovery phase of this litigation opened on June 4, 2004, and the deadline for the completion of all discovery was March 2, 2005. Pursuant to the court's order of June 4, 2004, plaintiff's request for an extension of the discovery, amended pleadings, and pre-trial dispositive motion deadlines was timely. Although plaintiff has been out of custody during this phase of the litigation, plaintiff is a non-lawyer proceeding pro se, and there is no evidence in the record indicating that plaintiff has abused the litigation process or failed to initiate discovery until the eleventh hour. Therefore, the court will grant plaintiff's request for an extension of the deadlines.

Because plaintiff did not specify what further discovery he needs, the court will limit the extension of the discovery deadline to the interrogatories and depositions by written questions at issue in plaintiff's pending discovery motions. If plaintiff needs further discovery, he must seek leave of court within thirty days and specify in his request what he needs and why he was not able to seek it earlier. In addition, the court will extend the amended pleadings and pre-trial dispositive motion deadlines for all parties.

///

///

C.   Motions to Supplement

On January 31, 2005, plaintiff filed a motion seeking leave to supplement his third amended complaint along with a proposed supplemental complaint. (Doc. 123.) Defendants filed an opposition to the motion on February 2, 2005. (Doc. 126.) On March 2, 2005, plaintiff filed a second motion seeking leave to supplement his third amended complaint. (Doc. 124.) Although the court docket reflects that plaintiff lodged a proposed supplemental complaint, the court does not have the proposed supplement and therefore cannot review it. (Doc. 129.)

Rule 15(d) provides that "upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Rule 7 requires that an application to the court for leave to file an amended complaint must "state with particularity the grounds therefor." Fed. R. Civ. P. 7(b)(1).

Neither of plaintiff's motions satisfies Rule 7, as neither specifies the grounds for supplementing the third amended complaint. Turning to the second motion first, the court cannot ascertain from the motion what the proposed supplement to the third amended complaint is and the court does not have the proposed supplement to review. Therefore, plaintiff's second motion for leave to supplement must be denied.

With respect to the first motion, in plaintiff's proposed supplement, plaintiff requests that CDC or its head of operations be added as a defendant, and that CDC stand accused with respect to liability. First, plaintiff's reliance on Rule 15(d) is misplaced. Where, as here, the claim against the proposed party did not arise after the events set forth in the operative pleading, Rule 15(a) rather than Rule 15(d) must be utilized to add the party.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. Pro. 15(a). In this instance, a responsive pleading has been served and plaintiff may not amend without leave of court.

4

1    Plaintiff may not add either CDC or its head as a defendant in this action. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because CDC is a state agency, it is entitled to Eleventh Amendment immunity from suit.

With respect to the Director of CDC, plaintiff has set forth no facts that give rise to a cognizable claim for relief under section 1983 against the Director. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

///

1 Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

In sum, neither plaintiff's motion nor plaintiff's proposed supplement set forth any facts that support allowing plaintiff to amend to name CDC or its Director as a defendant in this action. Accordingly, plaintiff's motion shall be denied.

D.   Motions in Limine

Finally, on March 2, 2005, plaintiff filed two motions in limine seeking to exclude evidence of his military and criminal records. (Docs. 130, 131.) Defendants filed an opposition on March 15, 2005, and plaintiff filed a reply on March 28, 2005. (Docs. 134, 136.)

Plaintiff's motions are premature. In the event that this matter is set for trial, the court will, at the appropriate juncture, issue an order setting the deadline for filing and opposing motions in limine. Until such time, plaintiff's motions are premature and shall be denied on that ground.

E.   Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to propound additional interrogatories, filed January 24, 2005, is GRANTED, subject to the limitations set forth in this order;

///

2. Plaintiff's motion for leave to depose to defendants and witnesses by written questions, filed January 31, 2005, is DENIED as to defendants and unincarcerated witnesses as unnecessary, and is DENIED as to incarcerated witnesses because plaintiff failed to identify the witnesses;

3. Plaintiff's motion to compel, filed March 2, 2005, is DENIED, without prejudice;

4. Plaintiff's request for an extension of the deadlines, filed March 2, 2005, is GRANTED;

5. The discovery deadline is extended to **June 29, 2005**, and is limited to the interrogatories and depositions by written questions addressed in this order;

6. If plaintiff needs further discovery, he must seek leave of court within **thirty (30) days** from the date of service of this order and must specify in his request what he needs and why he was not able to seek it earlier;

7. If defendants need further discovery, they may, within **thirty (30) days** from the date of service of this order, file a request for an extension of the discovery deadline;

8. The deadline to amend the pleadings is extended for all parties to **July 29, 2005**;

9. The deadline for filing pre-trial dispositive motions is extended for all parties to **August 29, 2005**;

10. Plaintiff's motions for leave to supplement his complaint, filed January 31, 2005, and March 2, 2005, are DENIED; and

11. Plaintiff's motions in limine, filed March 2, 2005, are DENIED as premature.

IT IS SO ORDERED.

**Dated:   April 26, 2005**          **/s/ Sandra M. Snyder**
icido3                    UNITED STATES MAGISTRATE JUDGE