UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY DEAN DELL'ANTONIA,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-00-6602 REC SMS P<br><br>ORDER GRANTING REQUEST FOR LEAVE TO FILE LATE MOTION NUNC PRO TUNC TO MAY 31, 2005, DENYING MOTION FOR ISSUANCE OF SUBPOENAS AND FOR LEAVE TO DEPOSE INCARCERATED WITNESSES, AND DENYING MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT<br><br>(Docs. 142 and 143) |

I.    <u>Order Addressing Pending Motions</u>

Plaintiff Danny Dean Dell'Antonia ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed March 12, 2002, against defendant Edger for use of excessive force, and defendants Grayson and Snow for acting with deliberate indifference to plaintiff's serious medical needs.[1] On May 31, 2005, plaintiff filed a motion seeking the issuance of summonses and for leave to depose incarcerated witnesses, along with a request for leave to file the motion late. (Doc. 142.) Defendants filed an opposition on June 8, 2005, and plaintiff filed a reply on July 1, 2005. (Docs.

///
///
///

---

[1] Defendant Grayson has not yet been served.

1

Case 1:00-cv-06602-LJO-SMS   Document 151   Filed 07/11/05   Page 2 of 5

145, 150.) On June 2, 2005, plaintiff filed a motion for leave to supplement his complaint, and on June 8, 2005, defendants filed an opposition.[2] (Docs. 143, 146.)

### A. Discovery Related Motions

#### 1. Extension of Time

On April 26, 2005, the court informed the parties that if they wished to seek an extension of the discovery deadline, they must do so within thirty days from the date of service of the court's order. On May 31, 2005, in conjunction with his motion for the issuance of subpoenas and for leave to depose incarcerated witnesses, plaintiff filed a request for leave to file said motion beyond the thirty-day deadline. Plaintiff's request for leave to file his motion late is granted nunc pro tunc to May 31, 2005.

#### 2. Motion for Issuance of Subpoena for Grayson's Personnel File

Plaintiff seeks the issuance of a subpoena for the production of defendant Grayson's personnel file. Fed. R. Civ. P. 45. In the court's order of April 26, 2005, plaintiff was specifically informed that "[t]he court and the Marshal have a statutory duty to service process on plaintiff's behalf, and the response given to the Marshal by CDC to date is insufficient to allow the court to discharge this duty on the ground that defendant Grayson cannot be located. 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2). *In the event that the Marshal is unsuccessful*, the court will consider a motion by plaintiff for the issuance of a subpoena pursuant to Rule 45, should plaintiff choose to make such a request." (Doc. 141, p. 3, lns. 3-8. (emphasis added).)

Plaintiff's motion is premature. Until the court and the Marshal have exhausted their attempts to serve defendant Grayson, the court will not entertain any discovery motions by plaintiff

///
///
///

---

[2] Plaintiff also filed a motion seeking the extension of deadlines on July 1, 2005. (Doc. 148.) That motion has not yet been deemed submitted. Local Rule 78-230(m).

2

with respect to defendant Grayson.[3]  Plaintiff's motion for the issuance of a subpoena for the production of defendant Grayson's personnel file is denied.[4]

### 3. Motion re Issuance of Subpoenas and Written Depositions

Plaintiff seeks the issuance subpoenas commanding the production of a Department of Justice file that contains information on eye witnesses sought by plaintiff, and commanding the production by CDC of the locations of witnesses. Fed. R. Civ. P. 45. In addition, plaintiff seeks leave of court to depose inmates Ernie Quinones and Carlos in written form. Fed. R. Civ. P. 31(a)(2).

As the court previously informed plaintiff, depositions by written question entail more than simply mailing the questions to the deponent and opposing counsel. Plaintiff *must* arrange for an officer to take responses and prepare the record. Fed. R. Civ. P. 31(a)(3), (b). By his own admission, plaintiff is unable to bear the costs of arranging for depositions in compliance with the Federal Rules. (Doc. 150, Reply, 2:12.) Plaintiff's in forma pauperis status is irrelevant to the issue. There is no automatic entitlement to discovery via deposition. If plaintiff wishes to avail himself of discovery via deposition, he must arrange for an officer to be present during each and every deposition.

Because plaintiff has conceded that he does not have the funds to pay for an officer to be present, the court declines to issue subpoenas aimed at gathering information needed to identify and locate witnesses for deposition. Plaintiff's request for the issuance of summonses and for leave to depose incarcerated witnesses is therefore denied.

### B. Motions to Supplement

On June 2, 2005, plaintiff filed a motion seeking leave to supplement his third amended complaint along with a proposed supplemental complaint. (Docs. 143, 144.) Defendants filed an opposition to the motion on June 8, 2005. (Doc. 146.)

///

---

[3] Although the Marshal recently returned service un-executed as to defendant Grayson, plaintiff filed his motion prior to the return of service. Further, because the Marshal attempted to serve defendant at the wrong institution and failed to comply with the terms of the court's order, service will be re-ordered in due course.

[4] Due to the unresolved issue of service on defendant Grayson, the court will, at a later time and if necessary, allow plaintiff to request a subpoena for records aimed at locating Grayson.

1    Rule 15(d) provides that "upon motion of a party the court may, upon reasonable notice and
2 upon such terms as are just, permit the party to serve a supplemental pleading setting forth
3 transactions or occurrences or events which have happened since the date of the pleading sought to
4 be supplemented." Fed. R. Civ. P. 15(d).  Rule 7 requires that an application to the court for leave
5 to file an amended complaint must "state with particularity the grounds therefor." Fed. R. Civ. P.
6 7(b)(1).

7    Plaintiff is seeking leave to supplement his third amended complaint to modify his prayer for
8 damages.  Pursuant to Rule 54(c), "every final judgment shall grant the relief to which the party in
9 whose favor it is rendered is entitled, *even if the party has not demanded such relief in the party's*
10 *pleadings*." Fed. R. Civ. P. 54(c) (emphasis added).  Because plaintiff is not bound by the prayer
11 for damages set forth in his third amended complaint, it is unnecessary for plaintiff to supplement
12 his complaint to modify his prayer for damages against defendants.  See Bontkowski v. Smith, 305
13 F.3d 757, 762 (7th Cir. 2002); Pension Benefit Guar., Corp. v. East Dayton Tool and Die Co., 14
14 F.3d 1122, 1127 (6th Cir. 1994); Z Channel Ltd. P'ship v. Home Box Office, Inc., 931 F.2d 1338,
15 1341 (9th Cir. 1991).  For this reason, plaintiff's motion seeking leave to supplement is denied.

16    C.    Order
17    Based on the foregoing, it is HEREBY ORDERED that:
18    1.    Plaintiff's motion for leave to file a late response to the court's order of April 26,
19          2005, with respect to the need for further discovery is granted nunc pro tunc to May
20          31, 2005;
21    2.    Plaintiff's motion for the issuance of subpoenas pursuant to Rule 45 and for leave to
22          depose inmates Quinones and Gomez is DENIED; and
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

3. Plaintiff's motion for leave to supplement his complaint, filed June 2, 2005, is DENIED on the ground that the proposed supplement is unnecessary.

IT IS SO ORDERED.

**Dated:**    **July 8, 2005**              /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE