UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY DEAN DELL'ANTONIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:00-CV-6602-REC-SMS-P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE DISCOVERY, AMENDED PLEADINGS, AND DISPOSITIVE MOTION DEADLINES<br><br>(Doc. 148)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF THE DISPOSITIVE MOTION DEADLINE, AND EXTENDING DEADLINE TO NOVEMBER 1, 2005<br><br>(Doc. 160)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR THE ISSUANCE OF SUBPOENAS<br><br>(Docs. 154-158)<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR THE ISSUANCE OF A SUBPOENA COMMANDING THE PRODUCTION OF GRAYSON'S PERSONNEL FILE<br><br>(Doc. 159) |

I.　　Order

　　A.　　Relevant Procedural Background

Plaintiff Danny Dean Dell'Antonia ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third

1

amended complaint, filed March 12, 2002, against defendant Edger for use of excessive force, and defendants Grayson and Snow for acting with deliberate indifference to plaintiff's serious medical needs.

On April 27, 2005, the court issued an order extending the discovery deadline to June 29, 2005, limited to the interrogatories and depositions by written questions addressed in the order, and notifying plaintiff that if he needed further discovery, he must seek leave of court within thirty days from the date of service of the order and must specify in his request what he needed and why he was not able to seek it earlier. (Doc. 141, 7:8-12.) On June 1, 2005, plaintiff filed a motion seeking, in relevant part, the issuance of subpoenas and leave to depose incarcerated witnesses. (Doc. 142.) On July 11, 2005, the court issued an order denying plaintiff's motion. (Doc. 151.)

  B. <u>Plaintiff's Motion for an Extension of Deadlines</u>

On July 1, 2005, plaintiff filed a motion seeking an extension of the discovery, amended pleadings, and dispositive motion deadlines. (Doc. 148.) Defendants filed an opposition on July 27, 2005. (Doc. 152.)

Pursuant to the court's order of April 27, 2005, any motions for an extension of the discovery deadline were to be filed within thirty days and were to be accompanied by an explanation of what was needed and why it could not have been sought earlier. The court subsequently granted plaintiff leave to file a motion concerning subpoenas and depositions upon written question on May 31, 2005. Said motion, which was overdue by only two days, was filed in response to the court's order of April 27. Fed. R. Civ. P. 6(a). The motion did not include a request for an extension of the discovery deadline in general, and pertained only to the issuance of subpoenas and depositions upon written question, both of which were discussed in the order of April 27.

Plaintiff's July 1 motion for an extension of the discovery deadline failed to comply with the court's order of April 27, 2005, as it was untimely filed and set forth no explanation of what is needed and why it could not be sought earlier. Accordingly, plaintiff's motion for an extension of the discovery deadline that applies to plaintiff and defendants Edger and Snow is denied, with prejudice. The discovery phase of this litigation as it pertains to plaintiff and defendants Edger and Snow is closed.

Plaintiff's motion for an extension of the amended pleadings deadline and dispositive motion deadline was timely but is denied on the ground that it did not comply with the court's scheduling order, which requires a showing of good cause. (Doc. 106, Disc/Sched Order, 2:17.) Plaintiff's motion is devoid of any such showing with respect to the amended pleadings and dispositive motion deadlines.

C.   Defendants' Motion for an Extension of the Dispositive Motion Deadline

Defendants Edger and Snow filed a timely motion seeking an extension of the dispositive motion deadline. Plaintiff did not file a timely response. Defendants set forth good cause and their motion shall be granted. Although plaintiff's motion for an extension of the dispositive motion deadline was insufficient and therefore denied, the extension of the motion deadline granted to defendants shall nevertheless apply to plaintiff as well.

D.   Plaintiff's Motions for the Issuance of Subpoenas

On August 5, 2005, plaintiff filed six motions seeking the issuance of subpoenas. (Docs. 154-159.) Defendants did not file a timely response. As set forth above, plaintiff did not timely seek an extension of the discovery deadline. Therefore, discovery is closed and, with the exception of the subpoena concerning defendant Grayson's personnel file, plaintiff's motions are denied on that ground. (Docs. 154-158.)

In its orders of April 27 and July 11, the court stated that it would allow plaintiff to pursue obtaining records aimed at locating defendant Grayson, if necessary. (Docs. 141, 151.) In the July 11 order, plaintiff was specifically informed that until the court and the Marshal exhausted their attempts to locate Grayson, the court would not entertain any motions by plaintiff with respect to defendant Grayson. Despite this admonition, one of the six motions filed by plaintiff was for a subpoena commanding the production of defendant Grayson's personnel file. (Doc. 159.) The court does not view with favor plaintiff's failure to follow the terms of its orders. At no time did the court notify plaintiff that it and the Marshal had exhausted their efforts to locate defendant Grayson.[1]

///

---

[1] Defendant Grayson was located by the Marshal and filed an answer on September 6, 2005. A discovery and scheduling order applying to plaintiff and defendant Grayson shall be issued concurrently with this order.

Accordingly, as set forth in the court's order of July 11, 2005, the court will not entertain the motion and it shall be stricken from the record.

E.  Order

Based on the foregoing it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of the discovery deadline as it applies to plaintiff and defendants Edger and Snow is DENIED, with prejudice;
2. Plaintiff's motion for an extension of the amended pleadings deadline and pre-trial dispositive motion deadline is DENIED on the ground that plaintiff failed to show good cause;
3. Defendants Edger and Snow's motion for an extension of the pre-trial dispositive motion deadline is GRANTED;
4. The pre-trial dispositive motion deadline is extended to **November 1, 2005**, and the extension applies to defendants Edger and Snow, and to plaintiff;
5. Plaintiff's five motions for the issuance of subpoenas, filed August 5, 2005, are DENIED on the ground that discovery is closed (court documents 154-158); and
6. Plaintiff's motion for the issuance of a subpoena commanding the production of defendant Grayson's personnel file, filed August 5, 2005, is STRICKEN from the record (court document 159).

DATED: 9/14/2005

/s/ Sandra M. Snyder
SANDRA M. SNYDER
U.S. MAGISTRATE JUDGE

4