# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY DEAN DELL'ANTONIA,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:00-CV-06602-REC-SMS-P<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN INVESTIGATION AND GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF THE DISPOSITIVE MOTION DEADLINE TO<br><br>(Docs. 166, 167)<br><br><u>New Pre-Trial Dispositive Motion Deadline - All Parties</u>: April 17, 2006 |

Plaintiff Danny Dean Dell'Antonia ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed March 12, 2002, against defendant Edger for use of excessive force, and defendants Grayson and Snow for acting with deliberate indifference to plaintiff's serious medical needs. The deadline for filing pre-trial dispositive motions applicable to defendants Edger and Snow is November 1, 2005, and the deadline for filing pre-trial dispositive motions applicable to defendant Grayson is April 17, 2006.[1] (Docs. 163, 164.) On September 30, 2005, defendants Edger and Snow filed a motion seeking an extension of their motion deadline to April 17, 2006. (Doc. 166.) Plaintiff opposed the motion on October 11, 2005, and defendants replied on October 13, 2005. (Docs. 167, 168.)

---

[1] Both deadlines apply to plaintiff as well.

1

1    Defendants Edger and Snow are bound by a motion deadline that differs from that applicable
2    to defendant Grayson, because defendant Grayson was only recently located and served by the
3    Marshal.  In their motion, defendants Edger and Snow seek an extension of their motion deadline
4    to coincide that defendant Grayson's deadline to avoid the need to file two separate summary
5    judgment motions.  Plaintiff opposes defendants Edger and Snow's request for an extension of the
6    motion deadline on the grounds that (1) the California Department of Corrections previously stated
7    that it did not know defendant Grayson's whereabouts, so service could not be effected, (2)
8    defendants previously sought and were granted an extension of time, (3) trial by jury is the only way
9    to resolve this action, (4) CDC obstructed justice by willfully and knowingly withholding
10   information on the whereabouts of defendant Grayson, (5) defendant Grayson raised a statute of
11   limitations defense in her answer, (6) defendants Edger and Snow have stated their intent to file a
12   motion for summary judgment and plaintiff is prepared to oppose such a motion, and (7) defendants
13   attempted to conduct unlawful discovery.  Defendants reply that plaintiff's contentions are
14   unsupported by evidence and should be ignored.

15   With respect to the issues that arose in attempting to locate and serve defendant Grayson, it
16   is the duty of the court and the Marshal to effect service on behalf of plaintiff, if service is possible.
17   28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). On occasion, locating and serving a defendant becomes
18   a lengthier and more complicated process than usual, as was the situation with defendant Grayson.
19   Nevertheless, defendant was ultimately located and she made an appearance in this action.
20   Plaintiff's assertion of obstruction of justice is baseless and wholly unsupported by evidence.
21   Accordingly, plaintiff's request for an investigation is denied. Because neither defendants Edger and
22   Snow nor the Attorney General's Office, which represents defendants Edger and Snow, were
23   involved in the process of locating and serving defendant Grayson, the problems encountered in
24   locating and serving defendant Grayson are irrelevant to defendant Edger and Snow's pending
25   motion for an extension of a deadline.

26   Likewise, the fact that defendants were granted one previous extension of the deadline is not
27   an objection that court finds particularly compelling.  Plaintiff himself has sought and been granted
28   more than one extension of deadlines in this action.  (See Docs. 115, 120, 128, 141.)

Plaintiff's belief that trial by jury is necessary in this action does not support denying defendants' motion. Motions for summary judgment are not disfavored motions. Further, in the event that a trial on plaintiff's claims against defendants Edger and Snow is necessary, such a trial would not be held until defendant Grayson's dispositive motion deadline passed and any motion filed by either defendant Grayson or plaintiff is resolved. Under no circumstance would separate trials be conducted.

The fact that defendant Grayson preserved the affirmative defense of a statute of limitations bar in her answer is irrelevant to the issue of whether the motion deadline should be extended.

That defendants Edger and Snow stated an intention to file a motion for summary judgment and plaintiff is prepared to oppose such a motion is also not a ground that supports denying defendants' motion. Rather, it is simply a statement of the obvious. In most prisoner civil rights cases, motions for summary judgment are filed. Defendants wish to do so in this case, but defendants' counsel would prefer to file one motion on behalf of all three defendants rather than to file two separate motions. If defendants file a motion, the court anticipates that plaintiff will oppose the motion.

Finally, plaintiff's assertion that defendants attempted to obtain unlawful discovery is irrelevant to defendants' pending motion. Plaintiff did not support his statement with any evidence, and there are no pending discovery disputes before the court. The discovery phase of this litigation is closed as to defendants Edger and Snow, and what may or may not have transpired between the parties during discovery is not at issue.

In sum, plaintiff has set forth no grounds that support denying defendants' motion for an extension of the pre-trial dispositive motion deadline so that it coincides with defendant Grayson's deadline. Defendants' motion was timely in that it was filed prior to the current motion deadline. Further, the filing of one motion for summary judgment rather than the filing of two separate motions will serve to conserve not only the resources of the State of California, but the resources of this court, which are overtaxed as it is. Finally, plaintiff has demonstrated no prejudice, and the court can foresee none in light of the fact that requiring defendants Edger and Snow to file an earlier motion for summary judgment would not result in an earlier trial date. As previously stated, in the

event that the motion did not resolve plaintiff's claims against defendants Edger and Snow in full and in defendant's favor, a trial date would not be set until after the expiration of defendant Grayson's motion deadline and after the resolution of any motion filed by defendant Grayson.

For these reasons, it is HEREBY ORDERED that:

1. Plaintiff's request for an investigation into the issues surrounding service on defendant Grayson is DENIED;

2. Defendants Edger and Snow's request for an extension of the pre-trial dispositive motion deadline to April 17, 2006, is GRANTED;

3. The extension of the motion deadline applies to defendants and plaintiff; and

4. Any further request for an extension of the motion deadline by defendants must be made prior to April 17, 2006, and must be supported by exceptional cause.

IT IS SO ORDERED.

**Dated:   October 19, 2005**              /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE